Vanessa R. Waldref
United States Attorney
Eastern District of Washington
David M. Herzog
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 16 2021

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

   Plaintiff,

v.

TREVER DANIEL HARDER and
KYLIE RUBY FLORES,

   Defendants.

2:21-CR-165-TOR

INDICTMENT

Vio: 18 U.S.C. § 1594(c)
Conspiracy to Commit Child Sex Trafficking
(Count 1)

18 U.S.C. § 1591(a)(1), (b)(1)
Child Sex Trafficking
(Count 2)

18 U.S.C. §§ 1591(a)(2), (b)(1), 1594(a)
Benefiting From Child Sex Trafficking
(Count 3)

18 U.S.C. § 2251(a), (e)
Production of Child Pornography
(Count 4)

18 U.S.C. §§ 1594, 2253
Forfeiture Allegations

INDICTMENT - 1

The Grand Jury charges:

## COUNT 1

From on or about February 2, 2021, through on or about July 26, 2021, within the Eastern District of Washington, the Defendants, TREVER DANIEL HARDER and KYLIE RUBY FLORES, in and affecting interstate commerce, knowingly conspired, confederated, and agreed together and with each other to recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means Minor Victim 1, knowing and in reckless disregard of the fact, and having had a reasonable opportunity to observe Minor Victim 1, that Minor Victim 1 had not attained the age of 14 years and would be caused to engage in a commercial sex act, in violation of 18 U.S.C. § 1591(a)(1), (b)(1); all in violation of 18 U.S.C. § 1594(c).

## COUNT 2

From on or about February 2, 2021, through on or about July 26, 2021, within the Eastern District of Washington, the Defendants, TREVER DANIEL HARDER and KYLIE RUBY FLORES, in and affecting interstate commerce, did knowingly recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means Minor Victim 1, knowing and in reckless disregard of the fact, and having had a reasonable opportunity to observe Minor Victim 1, that Minor Victim 1 had not attained the age of 14 years and would be caused to engage in a commercial sex act, in violation of 18 U.S.C. § 1591(a)(1), (b)(1).

INDICTMENT - 2

COUNT 3

From on or about February 2, 2021, through on or about July 26, 2021, within the Eastern District of Washington, the Defendant, KYLIE RUBY FLORES, in and affecting interstate commerce, did knowingly benefit financially and did receive something of value from participation in a venture which engaged in the recruiting, enticing, harboring, transporting, providing, obtaining, advertising, maintaining, patronizing, and soliciting by any means Minor Victim 1, knowing and in reckless disregard of the fact, and having had a reasonable opportunity to observe Minor Victim 1, that Minor Victim 1 had not attained the age of 14 years and would be caused to engage in a commercial sex act, in violation of 18 U.S.C. § 1591(a)(2), (b)(1), and did attempt the same, in violation of 18 U.S.C. § 1594(a).

COUNT 4

On or about July 8, 2021, in the Eastern District of Washington, the Defendant, TREVER DANIEL HARDER, did knowingly employ, use, persuade, induce, entice, and coerce Minor Victim 1 to engage in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction was produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and did attempt the same, in violation of 18 U.S.C. § 2251(a), (e).

INDICTMENT - 3

## NOTICE OF FORFEITURE ALLEGATIONS

The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures.

Pursuant to 18 U.S.C. § 1594, upon conviction of an offense in violation of 18 U.S.C. § 1594(c) as charged in Count 1 of this Indictment, and/or an offense in violation of 18 U.S.C. § 1591(a)(1), (b)(1), as charged in Count 2 of this Indictment, the Defendants, TREVER DANIEL HARDER and KYLIE RUBY FLORES, shall each forfeit to the United States of America any property, real or personal, involved in, used, or intended to be used to commit or to facilitate the commission of the offense and/or offenses, and any property traceable to such property; and any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offense and/or offenses, and any property traceable to such property.

Pursuant to 18 U.S.C. § 1594, upon conviction of an offense in violation of 18 U.S.C. §§ 1591(a)(2), (b)(1), 1594(a), as charged in Count 3 of this Indictment, the Defendant, KYLIE RUBY FLORES, shall forfeit to the United States of America any property, real or personal, involved in, used, or intended to be used to commit or to facilitate the commission of the offense and/or offenses, and any property traceable to such property; and any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offense and/or offenses, and any property traceable to such property.

INDICTMENT - 4

Pursuant to 18 U.S.C. § 2253, upon conviction of an offense in violation of 18 U.S.C. § 2251(a), (e), as charged in Count 4 of this Indictment, the Defendant, TREVER DANIEL HARDER, shall forfeit to the United States any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and, any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, or any property traceable to such property.

If any such property, as a result of any act or omission of any Defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

INDICTMENT - 5

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

DATED this 16th day of November 2021.

*Vanessa Waldref*
Vanessa R. Waldref
United States Attorney

*David Herzog*
David M. Herzog
Assistant United States Attorney

INDICTMENT - 6